Michael A. Innes
KELLEY DRYE & WARREN LLP
One Jefferson Road, 2nd Floor
Parsippany, New Jersey  07054
Tel: (973) 503-5900
Fax: (973) 503-5950
Email: minnes@kelleydrye.com

*Attorneys for Defendant*
*Kohl's Department Stores, Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAN KONOPCA,<br><br>               Plaintiff,<br><br>v.<br><br>KOHL'S DEPARTMENT STORES, INC.,<br><br>               Defendant. | Civil Action No. 3:15-cv-1020 (MAS) (TJB) |

**MEMORANDUM OF LAW OF IN SUPPORT OF DEFENDANT
KOHL'S DEPARTMENT STORES, INC.'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Kohl's Department Stores, Inc. ("KDS") submits this memorandum of law in support of its motion to dismiss plaintiff Jan Konopca's ("Plaintiff") First Amended Complaint (Doc. No. 11) (the "Complaint") for failure to state a claim upon which relief can be granted under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

For the reasons that follow, Plaintiff fails to allege any facts to support a plausible inference that he has statutory standing to bring this action as the Complaint is devoid of any

facts suggesting that he was the "called party," *i.e.*, the intended recipient of any of the calls at issue. As such, Plaintiff lacks standing and his Complaint should be dismissed.

## SUMMARY OF THE COMPLAINT

Plaintiff alleges that "on a date better known to Defendant," KDS began calling Plaintiff's cell phone "throughout the past four years." Compl., ¶ 7. Importantly, the Plaintiff does not allege any facts disclosing that he was the subscriber to the cell phone line to which the calls at issue allegedly were placed or any other facts from which the Court or KDS could plausibly infer that Plaintiff was the "intended recipient" of those calls. The only fact Plaintiff alleges regarding the calls at issue is that they were made to "his cell phone number of (732) 222-2222. . . ." *id.*, ¶ 7.

## LEGAL STANDARD

### A.     The Rule 8(a) Requirement

Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must plead facts sufficient at least to "suggest" a basis for liability. *Spruill v. Gillis*, 372 F.3d 218, 236 n. 12 (3d Cir. 2004). The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, *see Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level....

*Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

**B.     Rule 12(b)(6) Standard**

In deciding a Rule 12(b)(6) motion, a court "must accept all of the complaint's well-pleaded facts as true, [but] may disregard any legal conclusions*Fowler v. UPMC Shadyside,* 578 F.3d 203, 210-11 (3d Cir. 2009), as the court is "not bound to accept as true legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quotations omitted).  Thus, "labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," *Twombly*, 550 U.S. 544, 555 (2007) and "naked assertions devoid of further factual enhancement" are insufficient to avoid dismissal.  *Ashcroft*, 556 U.S. at 678.

To survive a 12(b)(6) motion, the complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level" by asserting "enough facts…to state a claim for relief that is plausible on its face."  *Twombly,* 550 U.S. at 555, 570 (2007); *see also Fowler*, 578 F.3d at 210-11 ("a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts").  In order for such facial plausibility to be found, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 677-80 ("where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – that the pleader is entitled to relief").

This "plausibility" determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Fowler*, 578 F.3d at 211; *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008) (in order to survive a motion to dismiss, the factual allegations must "raise a reasonable expectation that discovery will

reveal evidence of the necessary element," thereby justifying the advancement of "the case beyond the pleadings to the next stage of litigation").

## ARGUMENT

I.  **PLAINTIFF FAILS TO PLEAD FACTS PLAUSIBLY ESTABLISHING HIS STANDING AS THE "CALLED PARTY" UNDER THE TCPA**

Plaintiff fails to sufficiently allege facts establishing his standing to seek statutory damages from KDS under the TCPA. "For a federal court to have subject-matter jurisdiction over an action, the plaintiff must have standing to bring the action in the first instance." *Music Sales Ltd. v. Charles Dumont & Son, Inc.*, 800 F. Supp. 2d 653, 656 (D.N.J. 2009). "There are three types of standing: constitutional, prudential, and statutory." *Id.* at 657. Here, because Plaintiff seeks statutory damages under the TCPA, he must plead facts sufficient to support his statutory standing. "Statutory standing is simply statutory interpretation: the question it asks is whether Congress has accorded *this* injured plaintiff the right to sue the defendant to redress his injury." *Id.* (quoting *Graden v. Conexant Sys. Inc.*, 496 F.3d 291, 295 (3d Cir. 2007) (emphasis original)). Here, because Plaintiff fails to allege that he was the "called party," *i.e.,* the intended recipient of any of the alleged calls at issue, he necessarily fails to establish his statutory standing and his Complaint should be dismissed.

"[O]nly the 'called party,' *i.e.*, the 'intended recipient,' has statutory standing to bring suit under the TCPA." *See Leyse v. Bank of Am., N.A.*, No. 11-7128 (SDW) (MCA), 2014 WL 4426325, *4 (D.N.J. Sept. 8, 2014) (quoting *Cellco P'ship v. Wilcrest Health Care Mgmt.*, No. 09-3534 (MLC), 2012 WL 1638056 (D.N.J. May 8, 2012); *Cellco P'ship v. Dealers Warranty, LLC*, No. 09-1814 (FLW), 2010 WL 3946713, *10 (D.N.J. Oct. 5, 2010) (concluding that "it is the intended recipient of the call that has standing to bring an action for

a violation of § 227(b)(1)(A)(iii)"); *see also Leyse v. Bank of Am.*, No. 09-7654, 2010 WL 2382400, *4 (S.D.N.Y. June 14, 2010) (dismissing complaint for lack of standing under § 227(b)(1)(B) filed by "unintended and incidental recipient of the call" who therefore lacked standing as "called party" under TCPA). The TCPA does not define the term "called party," but it is clear that the term "intended recipient" derives from language of the TCPA itself, which prohibits calls made using an ATDS or prerecorded message to a cellular phone "without the prior express consent of the called party." *See* 47 U.S.C. 227(b)(1); *see also Cellco P'ship*, 2010 WL 3946713, *9 ("The only logical reading of § 227(b)(1)(A)(iii) is one that would require the party asserting the claim to be the party to whom the call is directed. Any other reading, would render the exception for calls 'made with the prior express consent of the called party' a nullity."). Furthermore, a different interpretation would "exponentially expand the number of potential plaintiffs and would unfairly impose liability on such callers when acting in good faith to comply with the provisions of the TCPA" to hold parties liable for making calls to the correct number, but to the wrong person. *See Leyse,* 2014 WL 4426325, *5.

Here, Plaintiff does not allege he is the "called party" because he does not allege that KDS called *him.* Instead, Plaintiff insufficiently claims "on information and belief" that KDS "began its campaign of communicating with the Plaintiff . . . by calling **his cell phone number** . . . ." Compl., ¶ 7 (emphasis added); *see also id*., ¶¶ 9-11 (alleging calls to "his cell phone" and "Plaintiff's cell phone"). Plaintiff does not allege that he was the subscriber to the cell phone line to which the calls at issue were placed or any other facts from which the Court could plausibly infer that Plaintiff was the "intended recipient" of those calls. As such, the Complaint should be dismissed for lack of standing. *See Cellco P'ship*, 2010 WL 3946713,

*11-12 (dismissing TCPA complaint for lack of standing where "Verizon Wireless failed to plead sufficient facts . . . regarding the concession accounts to permit the Court to ascertain whether Verizon Wireless was the intended recipient of those concession account calls or whether the individual employees to whom the concession accounts were assigned were the intended recipients"); *see also Kopff v. World Research Grp., LLC*, 568 F. Supp. 2d 39, 40-42 (D.D.C. 2008) (administrative assistant who retrieved unsolicited fax addressed to company president lacked standing to assert TCPA claim because she was not the intended recipient).

For these reasons, the Plaintiff has failed to allege that he is the "called party" under the TCPA and, thus, has failed to establish standing to bring this action.

## CONCLUSION

For the foregoing reasons, KDS respectfully requests that the Court grant dismiss the First Amended Complaint in its entirety.

Dated:  June 9, 2014

Respectfully submitted,

  /s/ Michael A. Innes

Michael A. Innes
KELLEY DRYE & WARREN LLP
One Jefferson Road, 2nd Fl.
Parsippany, NJ 07054
Phone: (973) 503-5900
Fax: (973) 503-5950

*Attorneys for the Defendant*
